## United States *v.* Weber (No. 757).[1]

A "Bushel" of Apples.

There is no controversy as to the rate of duty. The controversy is over the legal contents of a bushel of apples. Reviewing the history of the legislation and the decisions affecting weights and measures, it would appear there has never been an authoritative definition of a standard bushel measurement for the United States. The bushel has come, by usage in trade and commerce, to be with us the Winchester bushel of English law prior to 1826, the date of the adoption of the imperial bushel in England. By a statute of Anne, A. D. 1701, recognizing a trade usage already in force, apples and pears were required to be sold by heaping measure; and in the absence of any specific declaration by Congress as to the contents of a bushel of apples or the like, it will be presumed that a bushel of to-day is the bushel of English law and custom in 1776; and a bushel of apples is not a struck Winchester bushel, but that measure heaped.

United States Court of Customs Appeals, February 15, 1912.

Appeal from Board of United States General Appraisers, Abstract 26351 (T. D. 31832).

[Affirmed.]

*Wm. L. Wemple*, Assistant Attorney General (*Leland N. Wood* on the brief), for the United States.

No appearance for appellee.

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

De Vries, Judge, delivered the opinion of the court:

The goods are apples. There is no controversy about the rate of duty. They were assessed at the rate of 25 cents per bushel under paragraph 274 of the tariff act of 1909.

The controversy arises over the proper method of ascertainment of and the dutiable quantity of the imported merchandise. The importation was in barrels. They were gauged for dutiable purposes according to the cubic contents based upon a measurement of 2,150.42 cubic inches to the bushel. The greater part of the record concerns the ascertainment of the capacity of the barrels. The return of the collector, based upon the report of the gauger, admits that the size stated by the importer is approximately correct. The return is based upon this measurement.

The essential difference seems to arise in the fact, contended for the importer, that measurement of apples by quantity should be made upon the basis of a heaping bushel, 2,747.715 cubic inches. On the other hand, the Government's contention is for measurement of a struck bushel, 2,150.42 cubic inches.

We are satisfied, as was the Board of General Appraisers, that all differences between the importer and the Government are accounted for by these respective contentions.

The case becomes, then, one of law. What is the proper measurement to be adopted of a "bushel" as provided for in said paragraph

274? Is there in this country a bushel measure applicable to apples the cubic contents of which are established by law? In previous cases, G. A. 5701 (T. D. 25359) and G. A. 6221 (T. D. 26888), the board in an elaborate and exceedingly carefully considered opinion, which was subsequently affirmed by the United States Circuit Court of Appeals for the Second Circuit (Ceballos v. United States, 146 Fed. Rep., 380), considered this subject. The court, in adopting the opinion of the board, in the latter case said:

While it appears that Congress, under its constitutional authority to "fix the standard of weights and measures" (art. 1, sec. 8, Const.), has never in terms formulated a system of standard weights and measures for the United States, there has been practically a legislative adoption of certain standards in use * * *. The history of this legislation and the related facts are summarized in a compilation issued by the Bureau of Standards of the Department of Commerce and Labor, entitled "Laws Concerning the Weights and Measures of the United States," from which we quote (p. VII): "At the time of the American Revolution the weights and measures in common use were of English origin. Most of them had been procured from time to time by the colonies from Great Britain, and although it was well known that there were variations in the weights and measures of the same denomination throughout the States, it was not until 1830 that the matter received attention from Congress. At this time an investigation of the weights and measures in use in the various customhouses was ordered by a resolution of the Senate. As a result of this investigation, the avoirdupois pound, the English yard, the wine gallon of 231 cubic inches, and bushel of 2,150.42 cubic inches were adopted by the Treasury Department, and the construction of copies of the standards thus established was immediately undertaken, in order to supply the customhouses with uniform weights and measures. In 1836 a joint resolution of Congress directed the Secretary of the Treasury to deliver to the governor of each State in the Union a complete set of all the weights and measures adopted as standards by the department, to the end that a uniform standard of weights and measures might be established throughout the United States * * *." The joint resolution of 1836 referred to is found in 5 Stat., 133 * * *.

This statute appears to be a legislative recognition of the standards adopted in the investigation of 1830.

It is not a little remarkable that a subject of so much importance has received so little legislative attention. Notwithstanding the recitals in the above decision concerning a standard bushel measurement, neither the statutes nor any official declaration purporting to be of their authority, which we are able to discover, attempts to define or declare a standard bushel measurement for the United States.

That it has not been declared by statute is made clear by the very authority quoted by the Board of General Appraisers and the United States Circuit Court of Appeals for the Second Circuit in the case of Ceballos v. United States, supra. The same authority quoted in above decision further states on page VII:

Section VIII of the Constitution of the United States authorizes Congress to "fix the standard of weights and measures," and notwithstanding that the importance of the subject was repeatedly urged by Washington, Adams, and Jefferson in their messages to Congress, no general legislation has ever been enacted in regard to the weights and measures now in common use * * *. The fundamental standards—the pound,

yard, gallon, and bushel—are, therefore, with certain exceptions, uniform throughout the Union * * *. That there is need for authoritative definition by weight is made evident by the fact that Congress has found it necessary to specify the number of pounds of certain commodities in a bushel. These values were adopted by Congress solely for use in the customs service, and do not supersede the State laws, from which they often differ.

Here the standard bushel is referred to as the "fundamental standard."

That Congress did not assume or consider that any legal standard bushel measurement applying to all classes of merchandise either existed as having been adopted, as stated, by any authority in the United States or established by statute applicable to the United States customs is witnessed by various acts of Congress establishing such in specific instances.

Thus the standard gallon for specific purposes was established by the act of July 20, 1868 (Rev. Stat., 3250), and again by the act of March 1, 1879. The standard weight of the gallon for certain oils was established by the act of July 24, 1897 (pars. 35 and 37); the barrel of proof spirits by the act of July 20, 1868 (Rev. Stat., 3308), and the standard barrel of fermented liquors by the act of July 13, 1866 (Rev. Stat., 3339). By the act of July 18, 1866 (sec. 38), was established the legal weight of the bushel for certain products, such as wheat, corn, rye, barley, oats, peas, and buckwheat. By the act of July 24, 1897 (pars. 223, 224, 226, 227, 228), the weight of the standard bushel was established for certain commodities, such as barley, barley malt, buckwheat, corn, and corn meal, and by paragraph 250 for peas, 253 for potatoes, 254 for certain seeds. By the same act (par. 268), the unity of measure on barrels of pineapples was established. By paragraph 415 of the same act the weight of a bushel of coal was established, as well as the weight of a ton of the same. By the act of March 2, 1861, the weight of a ton as to certain merchandise was established. So the tariff act of August 5, 1909, contains similar provisions as to various articles adopted by Congress.

By the act of March 3, 1901, there was by Congress created a bureau of standard weights and measures to be known as the "National Bureau of Standards." It was, among other things, provided as one of its functions "the construction, when necessary, of standards, their multiples, and subdivisions."

In the report of that bureau entitled "Circular of the Bureau of Standards, No. 10, Legal Weights (in pounds) per Bushel of Various Commodities," issued May 15, 1911, as introductory thereto, it is stated:

This circular shows simply the legal weights per bushel of various commodities as fixed by national legislation mainly for customs purposes or by the State legislatures for purposes of commerce within the States * * *. It should not be assumed that the legal weights herein given represent a volume equal to the bushel of 2,150.42

cubic inches (United States bushel). On account of the variations in the densities of commodities in different localities and in different seasons, it is impossible to fix with any degree of certainty the weight of a given volume  *  *  *. Inasmuch, however, as the weight of a given volume of any commodity, such as potatoes, apples, coal, corn, etc., can only be approximately fixed, it is important in transactions involving such measures that it be distinctly understood which bushel is meant, viz, the volume of 2,150.42 cubic inches or a certain number of pounds called a bushel, which might be quite a different amount. On account of the impossibility of reconciling these two definitions of the bushel, it is recommended that all sales be made by weight, as is now the practice in wheat transactions.

From the foregoing it seems perfectly obvious that while no standard bushel measurement has been legally adopted in this country, if any such has become fundamental by trade usage, custom, or otherwise, it is the Winchester bushel of 2,150.42 cubic inches, as employed in England and its provinces prior to the adoption of the imperial bushel by that country in 1826.

That there are numerous exceptions to the applicability of this measurement arising out of State legislation, Federal legislation, and also in some cases dependent upon the application of that measurement as originally used in England and its provinces, and, consequently, as applied in this country when and where adopted is made manifest by the authorities cited and quoted. That one of these exceptions concerns apples, and is here pertinent, seems amply supported by the authorities.

The term "Winchester" bushel took its name from the place in England where the standards of measurement called "water measure" were reposed. It was expressly provided, however, by the statute of Anne, A. D. 1701, that the Winchester bushel when applied to apples and pears should be "heaped." See Statutes of Great Britain and Ireland, Volume VI, page 349. It was there provided—

That the measure, commonly called water measure, shall be round, and in diameter eighteen inches and an half within the hoop, and eight inches deep, and no more, and so in proportion for any greater or lesser measures; and that every measure, commonly called water measure, by which apples and pears are sold, shall be heaped as usually  *  *  *.

There is authority for this becoming the "fundamental" bushel of apples in this country.

The definition of a bushel as given by Webster's New International Dictionary, 1910, is as follows:

*Bushel.*—A dry measure, containing 4 pecks or 32 quarts. The Winchester bushel, formerly used in England, contained 2,150.42 cubic inches, being the volume of a cylinder 18½ inches in internal diameter and 8 inches in depth  *  *  *. The standard bushel measures, prepared by the United States Government and distributed to the States, hold each 77.6274 pounds of distilled water at 39.8° F., being the equivalent of the Winchester bushel. The imperial bushel now in use in Great Britain is larger than the Winchester bushel, containing 2,218.192 cubic inches, or 80 pounds of water at 62° F. *For some articles, as apples, potatoes, etc., heaped measure is used.*

The Standard Dictionary, Twentieth Century edition, 1909, defines a bushel as follows:

*Bushel.*—A measure of capacity; 4 pecks; in the United States, 2,150.4 cubic inches (the Winchester bushel).

In some of the elementary works the "heaped" bushel is given a definite measurement. Thus in the "New Complete Arithmetic," by Sensenig & Anderson, a heaped bushel is defined:

332. The heaped bushel, used in measuring corn in the ear, potatoes, parsnips, carrots, lime, bran, *and various other substances*, equals a Winchester bushel, plus a cone 19½ inches in diameter and 6 inches high placed on top of it. The heaped bushel contains 2,747.7167 cubic inches.

In Heyl's United States Import Duties, 1879, which in customs circles, official and otherwise, is regarded and acted upon as an authoritative codification and digest of the matters therein contained, under the title "Weights and Measures of the United States," both the "struck" and "heaping bushel" are given, as follows:

*Standards of volume.*—The standard of liquid measure is the gallon; of dry measure the bushel. The former is almost exactly equivalent to a cylinder 7 inches in internal diameter, and 6 inches in height; the latter to a cylinder 18.5 inches internal diameter, and 8 inches in height, and when heaped the cone must not be less than 6 inches high, containing for a true cone 2,747.715 cubic inches.

It is significant that the heaped bushel here quoted as the standard of volume in this country is precisely the heaped bushel of the statute of Anne as made applicable to apples and pears.

It may be noted that the report of the gauger in this case was to the effect that the contention of the importer that the heaped bushel was the proper measurement in such cases as these would amount to something about 2,700 cubic inches.

In the absence of any statutory adoption or legal regulative authority in this country establishing a bushel measurement applicable to this imported merchandise—to wit, apples—it seems to us that the weight of authority conduces to the conclusion that the accepted bushel measurement of apples in this country must be held to be the Winchester or fundamental bushel as applied to the measurement of the particular merchandise. Evidently that measurement has become the accepted measurement in this country, by reason of its inheritance through the channels of the common law as amended by the statutes of England and enforced in this country prior to its independence and thereafter in the absence of any amendatory statute abrogating the same and providing a substitute measurement. The coming in this manner as authoritative measurement of the country must be received and applied as applied at the time it was engrafted upon the institutions of this country as a part of the recognized law and enacted by the statute of Anne, *supra.*

Of these statutes it has by one of the highest authorities been said:

These statutes upon the points which are covered by them are the best evidence possible. They are the living charters of English liberty to the present day, and as the forerunners of the American constitutions and the source from which they have been derived many of the most important articles in their bills of rights, they are constantly appealed to when personal liberty or private rights are placed in apparent antagonism to the claims of government. (Cooley's Constitutional Limitations, Seventh Edition, p. 53, Note 2.)

In that sense it is the Winchester bushel of 2,150.42 cubic inches, which, in the absence of authoritative change, under the statute of Anne, when applied to the measurement of apples and pears, must be as therein provided, and as it seems to have become the fundamental bushel of this country, a heaping bushel of 2,747.715 cubic inches.

The decision of the Board of General Appraisers is *affirmed*.